Decided 17 July, 1899.

## MINARD *v.* STILLMAN.

[57 Pac. 1022.]

CERTIFICATE TO DEPOSITION.—A certificate of a notary appended to a deposition under Section 825 of Hill's Ann. Laws, reciting that the testimony of deponent had been taken by himself in shorthand and immediately thereafter transcribed by a person named from his direct dictation, complies with the statute as to showing the person who reduced the testimony to writing.

(Headnote by WOLVERTON, J.)

From Umatilla :   ROBERT EAKIN, Judge.

This is an action by Mary K. Minard against A. D. Stillman for money had and received.   It is alleged, among other things, that the defendant is an attorney at law ; that on September 26, 1894, plaintiff employed him to collect the amount due upon two fire insurance policies issued to her by certain insurance companies, and under which she had sustained a loss ; that defendant agreed with her to collect the said policies for a fee of $70 ; that on the ninth of October, 1894, plaintiff executed to defendant a power of attorney, authorizing and empowering him to settle all claims she might have against said companies under said policies, and to receipt for all moneys paid by them on account of any settlement which he might make ; that on October 10 the defendant, with intent to deceive the plaintiff, induced her to consent to compromise and settle said claims for $650 ; that defendant collected thereon the sum of $900, but concealed the fact from plaintiff, and represented to her that he had collected only $650 ; that, relying upon

such false representations, she was induced to and did settle with defendant, and accepted from him the said sum of $650, less the stipulated fee of $70; and that defendant fraudulently retained and converted to his own use the sum of $250, the money of the plaintiff. The answer admits the employment of defendant and the execution of the power of attorney, but denies all other material allegations of the complaint. For a separate defense it is alleged, among other things, that W. F. Minard, the husband of plaintiff, was appointed by her as her agent, and in her place and stead, to negotiate for the settlement of said claims, and that said Minard, under and in pursuance of her directions, made the final settlement with said companies; that as a matter of fact the plaintiff did not personally, or at all, except through the said Minard, make any contract for the collection of the said insurance with the defendant; that the plaintiff, by her husband and agent, and contrary to the advice and against the protest of the defendant, accepted the proposition made to her for a settlement of her claims for the sum of $650 out of the $900 paid by the insurance companies; that the sole and only compensation received by the defendant was the said sum of $70 agreed upon; and that he did not receive any part of the said sum of $250. These allegations were put in issue by the reply, and a trial had before a jury resulted in a verdict and judgment for defendant, and plaintiff appeals.

Affirmed.

For appellant there was a brief and an oral argument by *Mr. L. Kearney*.

For respondent there was a brief and an oral argument by *Mr. John J. Balleray* and *Mr. A. D. Stillman, in pro. per.*

MR. CHIEF JUSTICE WOLVERTON, after stating the facts, delivered the opinion of the court.

Before proceeding with the trial, the plaintiff moved to suppress the deposition of one James A. Marston, taken before C. H. Sholes, a notary public at Portland, Oregon, basing the motion upon two grounds, viz. : (1) That it does not appear from the certificate of the notary that the witness Marston had been sworn as the statute requires ; and (2) that the certificate does not show that Mrs. Olive A. Swallow, who participated in reducing the deposition to writing, wrote what was dictated to her. The notary certifies "that it [the testimony] was taken by me in shorthand and immediately thereafter transcribed into typewriting by myself and Mrs. Olive A. Swallow from my direct dictation ; * * * that before proceeding to the examination of the said witness, J. A. Marston, the said J. A. Marston was duly sworn to tell the truth, the whole truth, and nothing but the truth." The oath is in the exact language as required to be certified under the statute, and is proof sufficient that a proper oath was administered. Upon the second point, it appears that the deposition was transcribed by the notary and Mrs. Olive A. Swallow from his dictation. The certificate shows who reduced the deposition to writing, and that Mrs. Swallow assisted therein. Nothing more is required. See Hill's Ann. Laws, § 825.

During the course of the trial the defendant offered in evidence Exhibit B, which is in the following language : "Pendleton, Oregon, 11 October, 1894. A. D. Stillman, my attorney in fact, is hereby authorized and directed to receive in full settlement of insurance under Liverpool & London & Globe insurance policy No. 61,517, and Caledonian policy No. 732,178, and loss occasioned by fire under said policies, the sum of $900, of which I agree to

receive in full settlement the sum of $650, from which shall be deducted the agreed commission and charges. [Signed] Mrs. M. K. Minard, by W. F. Minard, Agent." It was objected to the introduction of this writing that it did not appear that W. F. Minard had been authorized or empowered to act as the agent of the plaintiff; but the record shows there was evidence introduced, sufficient to go to the jury, from which they might infer or conclude that she had so authorized him as it pertained to the settlement of the matter in hand, and the exhibit was therefore properly admitted in evidence.

The plaintiff has taken and saved exceptions to several instructions given by the court. Upon all these error is severally assigned. We can better expedite the examination by giving first the substance of the instructions to which exceptions were taken, and then noticing the objections. The jury were instructed that if they found that W. F. Minard was the agent of plaintiff in the settlement, either with the adjuster or the defendant, or that plaintiff held Minard out as her agent, and that defendant acted in the matter in good faith, believing and having good reason to believe that Minard was such agent, then plaintiff was bound by his acts, and the settlement, if one was made with W. F. Minard, was a good defense in the action; that in determining whether or not Minard was the agent of plaintiff, with authority to make a settlement with the defendant, or whether she had held him out to the defendant as such agent, they could take into consideration any evidence tending to show that prior thereto he had generally transacted her business, or that she had authorized his acts or conduct in relation to the loss prior to the date of the alleged settlement, or approved of such acts or conduct, or that she had recognized or acted upon his acts in relation thereto, with knowledge that he was exercising control of such settle-

ment or adjustment; that if the transaction was a fraud upon anybody other than the plaintiff, or otherwise corrupt, and plaintiff, by herself or her agent, was knowingly a party to it, neither party can take any advantage of the transaction; that the letter by defendant to plaintiff dated October 19, 1894, is notice on its face to plaintiff that defendant had been dealing with W. F. Minard as plaintiff's agent, and had made terms of settlement with him, and the receipt was signed in the light of, and in reference to, the letter; that the instrument dated October 11, signed, "Mrs. W. F. Minard, by W. F. Minard, Agent," is a statement of authority, authorizing the settlement as claimed by the defendant, and if W. F. Minard signed the same, and had authority to sign the same, for the plaintiff, that such instrument was, as between the plaintiff and defendant, a justification of the acts of the defendant in making the settlement and applying the $250 as claimed by him.

It is first objected that there is no evidence in the record that plaintiff held Minard out as her agent. In this, counsel is evidently mistaken, for it was shown that Minard went with the policies, in the first place, to the office of the defendant, and made the contract with him for the collection, and there was other evidence tending to show that Minard transacted her business generally, and that he participated in making the alleged settlement under the direction and with the knowledge of plaintiff. This was sufficient to both warrant and require the instruction. The next objection is that the jury were directed to find for defendant if it was ascertained that he believed Minard was the agent of plaintiff, without reference to the fact of agency. But such is not the legitimate deduction from the instruction. What the court did charge was that the jury should first ascertain and determine, under the rules given for their guidance,

whether Minard was the agent of plaintiff, and, if such was the fact, then that his act would be binding upon her. It is further claimed that the court invaded the province of the jury by telling them that the letter of October 19, 1894, is notice on its face to the plaintiff that defendant had been dealing with W. F. Minard as her agent. The letter recites, among other things, the following: "We have the money agreed upon by your agent, W. F. Minard, and our A. D. Stillman, in settlement of your claims against the London, Liverpool & Globe Insurance Co. * * * The receipt covers the amount you agreed to accept in compromise." What was said was but the iteration of a fact so patent from a perusal of the letter that it could have done the plaintiff no harm, as they could have drawn no other conclusion, even if the instruction may be said to be objectionable as a comment upon the evidence. The plaintiff requested several instructions, some of which were given, and others refused. Error is predicated upon all instances of refusal. Without taking up the various assignments and disposing of them in detail (for they are numerous), suffice it to say that we have carefully examined all the refused instructions, and find that the court properly disposed of them, as they consisted either of abstract propositions of law, without applicability in the light of the evidence adduced, or were covered by other instructions fairly given. These considerations affirm the judgment of the court below, and it is so ordered.        AFFIRMED.